# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MARTIN ESTRADA,<br><br>　　　　　　Defendant. | 8:05CR379<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by the Defendant, Martin Estrada, ECF No. 42. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On January 20, 2006, the Defendant entered a plea of guilty to the one-count Indictment charging him with distribution or possession with intent to distribute a mixture or substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. § 841. He was determined to be a career offender under United States Sentencing Guideline ("USSG") § 4B1.1, because he had at least two prior felony convictions for crimes of violence or controlled substance offenses. His Presentence

Investigation Report listed to a prior felony crime of violence[1] and two prior felony drug trafficking offenses. See ECF 29, ¶ 23. On March 30, 2006, he was sentenced to a term of imprisonment of 188 months and a term of supervised release of five years. He did not file an appeal.

The Defendant filed his § 2255 Motion on June 9, 2017, asserting one ground for relief: "Due Process Violation." ECF No. 42, Page ID 140. He contends that "recent U.S. Supreme Court decisions" suggest his prior drug trafficking conviction based on a violation of a Washington State criminal statute should not have been a qualifying offense under USSG § 4B1.1. See ECF No. 42 at Page ID 141.

## DISCUSSION

USSG § 4B1.2(b) defines controlled substance offenses with reference to "manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with the intent to manufacture, import, export, distribute, or dispense." The Defendant contends that the Washington State statute under which he was convicted of "Possession of Cocaine with Intent to Deliver" (ECF No. 29 ¶ 38), makes it unlawful to "deliver" or "possess with intent to . . . deliver" a controlled substance. See ECF No. 42 at Page ID 141. The Defendant contends that "delivery" is broader than "distribution," because "delivery" may include conduct such as administering or dispensing controlled substances. *Id.*, citing *Le v. Holder*, 480 Fed. Appx. 864, 866 (9th Cir. 2012), and *United States v. Hinkle*, 832 F.3d 569, 573 (5th Cir. 2016).

---

[1] "Indecent Liberties . . . defendant did knowingly cause a human being . . . to have sexual contact . . . by force or compulsion." ECF 29, ¶ 37. For purposes of the Court's analysis in this Memorandum and Order, the Court will assume, without deciding, that this offense would not qualify as a predicate offense under USSG §4B1.2(a)(1) or (2).

2

The Court finds the Defendant's § 2255 Motion to be untimely and without merit. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Defendant asserts that "[t]he issue presented herein was not ripe at the time of the petitioner's conviction becoming final." ECF No. 42 at Page ID 143. Accordingly, the Court infers that he is relying on 28 U.S.C. § 2255(f)(3) for the filing of his § 2255 Motion more than ten years after his conviction became final.

The Defendant cites to only one Supreme Court decision issued within one year of the filing of his § 2255 Motion: *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court held that sentencing courts may impose an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), only when a defendant has three prior felony convictions for offenses with elements that are the

same or more narrow than the elements of the generic predicate offenses listed in the ACCA. *Mathis*, 136 S. Ct. at 2247. The Supreme Court noted that it was not recognizing any *new* right, but reaffirming and clarifying a position held by the Court for more than 25 years. *Id.*

Even if the Defendant's § 2255 Motion were timely, the Court finds the Defendant's argument—that a felony conviction for "delivery" of controlled substances is not a controlled substance offense under USSG § 4B1.2(b)—to be without merit. The Court does not consider the term "delivery" to be broader than "distribution." The Court also recognizes the advisory nature of the Guidelines and the Supreme Court's limitation on due process challenges to the Guidelines: "Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF 42;

2. The claims raised in the Defendant's § 2255 motion are summarily denied;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 15th day of June, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge